UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>    Plaintiff,<br><br>v.<br><br>A. CARWITHEN, et al.,<br><br>    Defendants. | Case No. 21-01352 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docket No. 7) |

    Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at Salinas Valley State Prison ("SVSP"), where he is currently confined, and the Director of the California Department of Corrections and Rehabilitation ("CDCR"). Dkt. No. 1. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order. Plaintiff has also filed a motion for appointment of counsel. Dkt. No. 7.

## DISCUSSION

**A.**    <u>**Standard of Review**</u>

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.** <u>**Class Action**</u>

As a preliminary matter, the Court addresses Plaintiff's attempt to bring this "class action" on behalf of himself as well as several other inmates who appear to be similarly situated. Dkt. No. 1 at 2; Dkt. No. 1-1 at 1. The Court will construe this attempt as a request for class certification pursuant to Fed. R. Civ. P. 23.

The prerequisites to maintenance of a class action are that (1) the class is so numerous that joinder of all members is impracticable, (2) there are common questions of law and fact, (3) the representative party's claims or defenses are typical of the class claims or defenses, and (4) the representative party will fairly and adequately protect the class interests. *See* Fed. R. Civ. P. 23(a). *Pro se* prisoner plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ('a litigant appearing in propria persona has no authority to represent anyone other than himself").

Here, Plaintiff is proceeding *pro se*, and therefore cannot adequately represent the intended class. Accordingly, his request for class certification is DENIED. *See, e.g., Griffin v. Smith*, 493 F. Supp. 129, 131 (W.D.N.Y. 1980) (denying class certification on basis that *pro se* prisoner cannot adequately represent class). The other "plaintiffs" listed

on the complaint shall be removed from this action. Dkt. No. 1 at 2. If they desire to pursue any claims on their own, they must do so by each filing separate actions.

**C.      Plaintiff's Claims**

Plaintiff claims that on various dates from on or about October 1, 2020 to the filing of the complaint, he was repeatedly prevented from sleeping and forced to be awaken every hour or so, between 11:00 pm through 4:30 am, by Defendants shining a bright flash-light beamed directly at Plaintiff's eyes, "intentionally to interfere with sleep while banging onto [plaintiff's] cell door and cell door window, causing loud disruption on unit… to cause [plaintiff's] sleep deprivation." Dkt. No. 1 at 4. Plaintiff claims that he is repeatedly threatened with disciplinary charges by Defendants, out of retaliation for and to prevent his initiating a complaint. *Id.* at 5. Plaintiff claims that the lack of sleep has affected his everyday life in various ways, e.g., inability to retrieve morning meals, participate in day programs and recreational activities, and make ducat appointments and job assignments, "resulting in further deprivations or potential disciplinary actions that will effect [plaintiff's] personal liberty and privileges for inadvertently missing said appointments and work assignments." *Id.* Plaintiff claims these conditions are in violation of the state and federal constitutional rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. *Id.*

Plaintiff names the following as Defendants: Correctional Officer A. Carwithen, Warden M. B. Atchley, and the Director of the CDCR. Dkt. No. 1 at 6-8. Plaintiff claims Defendant Carwithen and his unknown "partner in the control tower" "failed to intervene, was acting in such a capacity as the agent, servant, and employee, under the color of state law pursuant to their authority under the California Department of Corrections and Rehabilitation." *Id*. at 6. Plaintiff claims Defendant Carwithen would repeatedly threaten him with serious disciplinary charges as retaliation… with intent to place [Plaintiff] under threat, duress, coercion, as means to discourage and prevent [Plaintiff] from complaining and exposing staff misconduct, abuse and mistreatment." *Id.* at 7. Plaintiff claims

3

Defendant Carwithen made statements when he complained about the disrupted sleep, indicating that Defendants' actions were without penological justification but rather "punitive calculated harassment that are maliciously motivated, unrelated to prison needs." *Id.* at 7-8. Plaintiff claims Warden Atchley is liable for the "policy decisions, writ[ing] regulations or giv[ing] orders" and has "failed in his duty to act upon Plaintiff['s] notices, reports, grievances, appeals, and knowledge, [and] promulgated a policy that does direct or condone the wrongful conducts of defendant(s)" who "with deliberate indifference repeatedly and continuously shined and beamed his Flash-Light and or camera phone L.E.D. light directly into [Plaintiff's] eyes to interfer[e] with sleep." *Id.* at 6. Plaintiff claims the Director of the CDCR is liable for Warden Atchley's actions at SVSP, as "[a] prison policy maker[], [who] writes regulations, or gives orders, at least for the purpose of prison management and reaches the level of deliberate indifference, failing to ensure [Plaintiff's] rights to due process, equal protection clause, and to be free from cruel and unusual punishment" after receiving notice from Plaintiff. *Id.* at 8. Plaintiff seeks declaratory and injunctive relief, as well as damages. *Id*. at 10.

1. **<u>Eighth Amendment</u>**

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832; *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). "Existing precedent" recognizes that the Eighth Amendment affords "general rights against excess noise and prison conditions that deprive inmates of identifiable human need[s], such as sleep." *Rico v. Ducart*, 982 F.3d 1292, 1298 (9th Cir. 2020)

4

(internal quotations omitted)(listing and reviewing cases)."While an inmate does not have a right to a quiet environment, an inmate does have a right to an environment that is "reasonably free" from constant, excessive noise caused by other inmates." *Id.* at 1299 (quoting *Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996) (finding Eighth Amendment violation based on sleep deprivation caused by constant lighting and noise from other inmates)). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297).

Plaintiff's allegations that he has been deprived of a basic need for sleep states a cognizable claim under the Eighth Amendment against Defendant Carwithen, whom Plaintiff alleges was aware of the disruptions but refused to intervene to abate an excessive risk to Plaintiff's health or safety. *See Farmer*, 511 U.S. at 837.

On the other hand, Plaintiff fails to state a claim against Warden Atchley. A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, "[a] supervisor can be liable in this individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation omitted). The claim that a supervisory official "knew of unconstitutional conditions and 'culpable actions of his subordinates' but failed to act amounts to 'acquiescence in the unconstitutional conduct of his subordinates' and is 'sufficient to state a claim of supervisory liability.'" *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (quoting *Starr*, 652 F.3d at 1208) (finding that conclusory allegations that

supervisor promulgated unconstitutional procedures which authorized unconstitutional conduct of subordinates do not suffice to state a claim of supervisory liability).

Here, Plaintiff's claim that the Warden had notice and knowledge without factual allegations describing how he came to that knowledge is simply conclusory. If Warden Atchley was not directly involved in the deprivation, Plaintiff must allege sufficient facts showing that Warden Atchley was aware of both the unconstitutional conditions as well as the wrongful conduct of specific subordinates, and that he failed to act. *Id.* If there was no wrongful conduct by a subordinate, then Plaintiff cannot state a claim against Warden Atchley based on supervisory liability absent his direct involvement.

Lastly, Plaintiff's allegations are insufficient to state an Eighth Amendment claim against the Director of the CDCR. As discussed above, an Eighth Amendment claim requires that the prison official possesses a sufficiently culpable state of mind. *See Farmer*, 511 U.S. at 834. Plaintiff's allegations do not indicate that the Director had personal knowledge of the constant disruptions to Plaintiff's sleep and failed to act. Rather, Plaintiff attempts to allege supervisory liability against the Director based on Warden Atchley's allegedly unconstitutional conduct. However, as discussed above, Plaintiff's claim against Warden Atchley is deficient. For the same reason, Plaintiff's claim against the Director is also deficient. Assuming that the Director is in a supervisory position over the Warden, Plaintiff must allege sufficient facts showing that the Director was aware of both the unconstitutional conditions and the wrongful conduct of Warden Atchley and that he failed to act. *See Keates*, 883 F.3d at 1243.

Based on the foregoing, Plaintiff shall be granted leave to file an amended complaint to attempt to correct the deficiencies described above to state an Eighth Amendment claim based on the deprivation of sleep against Defendants Atchley and the Director.

### 2. First Amendment - Retaliation

Plaintiff asserts that his rights under the First Amendment was violated. Dkt. No. 1

at 5. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff's complaint contains insufficient allegations to support a retaliation claim. Plaintiff claims generally that "Defendants" deprived him of sleep out of retaliation for and to prevent his initiating a complaint. *See supra* at 3. However, Plaintiff fails to connect this allegation with any named defendant. For example, Plaintiff alleges that when he complained to Defendant Carwithen about the disrupted sleep, Defendant Carwithen stated, "go ahead and file a complaint, there not going to do anything, my boss pats me on the back for every complaint I get to wake you up." Dkt. No. 1 at 7-8. While this alleged statement would support the fifth element for a retaliation claim, i.e., the disruptions did not reasonably advance a legitimate correctional goal, it does not indicate that Defendant Carwithen acted "because of" Plaintiff's protected conduct, which are the second and third elements. Nor does Plaintiff allege that any adverse action chilled the exercise of his First Amendment rights. Accordingly, Plaintiff shall be granted leave to attempt to state sufficient facts in an amended complaint to support a retaliation claim against specific Defendants.

### 3. Fourth, Fifth, and Fourteenth Amendments

Plaintiff also asserts that his rights under the Fourth, Fifth, and Fourteenth Amendments were also violated. Dkt. No. 1 at 5. However, the complaint contains insufficient allegations to implicate all the rights under these Amendments.

The Fourth Amendment proscribes "unreasonable searches and seizures." U.S. Const. amend. IV. In criminal cases, the Fifth Amendment guarantees the right to a grand jury, forbids "double jeopardy," and protects against self-incrimination. U.S. Const.

7

amend. V. The Fifth Amendment also requires due process in any proceeding that denies "life, liberty or property" by the federal government, and just compensation for government taking of private property for public use. *Id.* The Fourteenth Amendment extends the same due process obligations to the state. U.S. Const. amend. XI. In addition, "[t]he Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).

Plaintiff's allegations implicate none of the rights under the Fourth and Fifth Amendments. There are no allegations of unreasonable searches or seizures to raise Fourth Amendment issues, nor are any of the Fifth Amendment protections for criminal proceedings or federal due process and takings clauses relevant. Furthermore, there are also no allegations indicating that Plaintiff was denied due process or equal protection under the Fourteenth Amendment. Accordingly, any such claims under these Amendments are dismissed with leave to amend for Plaintiff to attempt to state sufficient facts to support a claim.

### 4. State Law Claims

Plaintiff claims that his rights under the equivalent state constitutional amendments were violated. Dkt. No. 1 at 5. First of all, state constitutional claims are not cognizable under § 1983 because they fail to satisfy the first element, i.e., that a right secured by the Constitution or laws of the United States was violated. *See West v. Atkins*, 487 U.S. at 48. Accordingly, any violation of the state constitution is purely a state law claim. While the Court may exercise supplemental jurisdiction over related state law claims, *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), Plaintiff fails to state sufficient factual allegations showing that any named Defendant violated the cited amendments. As discussed above, Plaintiff makes only general allegations regarding the violation of his constitutional rights

without providing specific facts in support. Accordingly, these state law claims are dismissed with leave to amend. Plaintiff may attempt to state sufficient factual allegations to state claims based on violations of the state constitutional amendments in an amended complaint against specific defendants.

In preparing an amended complaint, Plaintiff should keep the following principles in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

### D. Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel based on indigency, the complexity of the issues, lack of legal knowledge, limited access to the library, and that he would be better served by the assistance of counsel for various reasons. Dkt. No. 7. However, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Plaintiff's asserted grounds do not distinguish him from other prisoner-litigants and do not establish exceptional circumstances. Accordingly, the motion is **DENIED** for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of*

*America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff also asserts that he is incapable of representing himself due to his "clinical assessment in accordance with the Mental Health Services Delivery System," and therefore warrants appointment of a guardian ad litem under Federal Rule of Civil Procedure 17(c). Dkt. No. 7 at 3. Rule 17(c) provides in relevant part that:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or aby a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2). The Ninth Circuit has held that when "a substantial question" exists regarding the mental incompetence of a pro se litigant, the district court should conduct a hearing to determine competence so that a guardian ad litem may be appointed if appropriate. *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005); *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989). Other circuits have held that a district court's duty of inquiry under Rule 17(c) is triggered by "verifiable evidence" of incompetence. *See*, *e.g.*, *Powell v. Symons*, 680 F.3d 301, 307 (3rd Cir. 2012); *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 203 (2d Cir. 2003).

The Ninth Circuit found a "substantial question" regarding competence where a pro se prisoner litigant submitted a letter from the prison psychiatrist stating that the litigant was under his care, had been diagnosed with schizophrenia, and was taking psychotropic medications, *see Allen*, 408 F.3d at 1152, but it found no substantial question where a pro se litigant merely asserted that the district court should have conducted a competency hearing, *see Day v. Sonoma Cnty.*, 1997 WL 686016, at *2 (9th Cir. Oct. 30, 1997). The Third Circuit found "verifiable evidence" of incompetence where one co-plaintiff was adjudicated incompetence in a simultaneous criminal proceeding and the other co-plaintiff submitted a letter from a mental health professional. *See Powell*, 680 F.3d at 308-09. The

Second Circuit has indicated that "verifiable evidence" could take the form of records from a court or public agency or evidence from a mental health professional, but that bizarre behavior, standing alone, is not sufficient to trigger a district court's duty of inquiry under Rule 17(c). *See Ferrelli*, 323 F.3d at 201-02.

In this case, Plaintiff's evidence in support of his motion does not raise a substantial question regarding his competence. Dkt. No. 7-1 at 16-23. The evidence includes a letter from the law firm representing Plaintiff as a *Coleman* class member dated May 20, 2020, challenging a proposed discharge of Plaintiff from the "EOP level of care" based on Plaintiff's lack of compliance with mental health treatment and stress related to legal work. Dkt. No. 7-1 at 18-19. The letter asserts that Plaintiff "actively assisting his attorneys and conducting his own legal work does not mean he does not need EOP-level care." *Id.* at 18. Another document appears to be a mental health assessment form dated January 9, 2020, which noted that Plaintiff had been retained in "MHCB" due to recent reports of suicidal ideation but that he was already demonstrating significant improvement in his mood and would be deemed appropriate for a lower "LOC" when he completed a safety plan and demonstrated improvements in sleep and interest in pleasurable activities." *Id.* at 22. These documents indicate that rather than finding Plaintiff incompetent, clinicians believed a lower level of mental health care was appropriate. As such, none of these documents amount to a direct statement from a mental health professional or other "verifiable evidence" of Plaintiff's current incompetence to trigger this Court's duty of inquiry. *See Ferrelli*, 323 F.3d at 201-02. Furthermore, Plaintiff has shown an ability to articulate his claims despite his alleged mental health issues. Lastly, Plaintiff's mere assertion that he needs the assistance of counsel to proceed with the case, without more, is not sufficient to raise a substantial question. *See, e.g., Day*, 1997 WL 686016, at *2. Accordingly, the Court finds that in the absence of verifiable evidence of incompetence, there is no substantial question regarding Plaintiff's competence and therefore no duty of inquiry. *See Allen*, 408 F.3d at 1152; *Ferrelli*, 323 F.3d at 201-02. Plaintiff does not warrant

appointment of a guardian ad litem under Rule 17(c).

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1. Plaintiff's request for class certification is **DENIED**. This matter shall proceed with Mr. Saddozai as the sole plaintiff in this action. All other individuals named as plaintiffs, Dkt. No. 1 at 2, shall be terminated from this action.

2. Plaintiff's motion for appointment of counsel is **DENIED**. Dkt. No. 7.

3. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to attempt to correct the deficiencies discussed above. The amended complaint must include the caption and civil case number used in this order, Case No. C 21-01325 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**In the alternative,** Plaintiff may file notice in the same time provided that he wishes to proceed solely on the cognizable Eighth Amendment claim against Defendant Carwithen, *see supra* at 5, and strike all other claims and defendants from this action.

4. **Failure to respond in accordance with this order in the time provided will result in this matter proceeding solely on the Eighth Amendment claim against Defendant Carwithen and dismissal with prejudice of all other claims and defendants for failure to state a claim, without further notice to Plaintiff.**

This order terminates Docket No. 7.

**IT IS SO ORDERED.**

Dated: __June 28, 2021_____

_____
BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend; Denying Appt. of Counsel
PRO-SE\BLF\CR.21\01325Saddozai_dwlta&atty