UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHIKEB SADDOZAI,

    Plaintiff,

v.

A. CARWITHEN, et al.,

    Defendants.

Case No. 21-01352 BLF (PR)

**ORDER DENYING MOTION FOR RECUSAL;** *SUA SPONTE* **GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT**

(Docket No. 11)

    Plaintiff, a California state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, based on events that took place at Salinas Valley State Prison ("SVSP") where he is currently confined. Dkt. No. 1. On June 30, 2021, the Court dismissed the original complaint with leave to amend, such that Plaintiff had until July 28, 2021, to file an amended complaint. *Id.* at 12. He has not done so.

    Plaintiff has filed a "preemptory challenge and disqualification of judge pursuant o CCP §§ 170.6; 170.6(a)6; 1141.8; 1141.18(d); and Title 28 U.S.C. §§ 144; 455." Dkt. No. 11. Section 170.6 of the California Code of Civil Procedure ("CCP") sets forth the procedures for disqualification of judges sitting in state superior court and is therefore inapplicable to this Court. With respect to sections "1141.8" or "1141.18(d)," there are no such enumerated sections in the current CCP, and Plaintiff provides no explanation for

what law these cited sections contain. Accordingly, the Court will construe the motion as a motion for recusal.

Motions to recuse a district court judge fall under two statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455. The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012); *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Sections 144 and 455 ask whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. *Clemens v. United States Dist. Ct. for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005). The reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person. *Id.*

As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case. *See United States v. Zagari*, 419 F. Supp. 494, 501 (N.D. Cal. 1976). Plaintiff asserts that there exists a conflict of interest, and that the undersigned is prejudiced, has a personal bias against him, and is in favor of the adverse party. Dkt. No. 11 at 2. Plaintiff asserts that he does not believe that he can have a "fair and impartial trial and hearing" before this Court. *Id.* However, Plaintiff's assertions are conclusory and not supported by any factual allegations. Accordingly, Plaintiff's conclusory assertions are not sufficient to overcome the presumption that this Court can be fair and impartial in this action. Plaintiff may appeal the decision to the Ninth Circuit, but otherwise has no basis for moving to recuse the Court from this matter. The motion for recusal is **DENIED**. Dkt. No. 11.

In the interest of justice, Plaintiff shall be granted an extension of time to file an amended complaint in response to the Court's order of dismissal with leave to amend. Dkt. No. 10. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint to attempt to correct the deficiencies discussed in the court

2

order. *Id*. **In the alternative**, Plaintiff may file notice in the same time provided that he wishes to proceed solely on the cognizable Eighth Amendment claim against Defendant Carwithen discussed in the order and strike all other claims and defendants from the action. *Id.* at 5, 12. All other provisions of the court order shall remain in effect. *Id.* at 12.

**Failure to respond in accordance with this order in the time provided will result in this matter proceeding solely on the Eighth Amendment claim against Defendant Carwithen and dismissal with prejudice of all other claims and defendants for failure to state a claim, without further notice to Plaintiff.**

This order terminates Docket No. 11.

**IT IS SO ORDERED.**

Dated: __August 6, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order Denying Motion for Recusal; Granting EOT to file Am. Compl.
PRO-SE\EJD\CR.18\05558Saddozai_deny.recusal&eot-amcompl

3