UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. CARWITHEN, et al.,<br><br>　　　　Defendants. | Case No. 21-01352 BLF (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at Salinas Valley State Prison ("SVSP"), where he is currently confined, and the Director of the California Department of Corrections and Rehabilitation ("CDCR"). Dkt. No. 1. The Court dismissed the complaint with leave to amend to correct various deficiencies. Dkt. No. 10. Plaintiff filed an amended complaint. Dkt. No. 17.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

In the original complaint, Plaintiff attempted to bring a "class action" on behalf of himself and other inmates. Dkt. No. 1 at 2; Dkt. No. 1-1 at 1. The Court construed the attempt as a request for class certification pursuant to Fed. R. Civ. P. 23, and denied the request. Dkt. No. 10 at 2. The amended complaint is nearly identical to the original complaint except that the references to multiple plaintiffs have been removed, and Plaintiff includes a new allegation that he submitted written notices regarding the alleged violations. Dkt. No. 17 at 9. Compare Dkt. No. 17 with Dkt. No. 1. He also names the same Defendants as in the original: Correctional Officer A. Carwithen, an unnamed "Control Tower Officer," Warden M. B. Atchley, and the Director of the CDCR. Dk. No. 17 at 2.

Plaintiff claims that on various dates from on or about October 1, 2020 to August 23, 2021, he was repeatedly prevented from sleeping and forced to be awaken every hour or so, between 11:00 pm through 4:30 am, by Defendants shining a bright flash-light beamed directly at Plaintiff's eyes, "intentionally to interfere with sleep while banging onto plaintiff's cell door and cell door window, causing loud disruption on unit effecting neighboring cell and waking up prisoner[s], during every cell check inspection with intent, further supporting to cause plaintiff sleep deprivation." Dkt. No. 17 at 4. Plaintiff claims

that he is repeatedly threatened with disciplinary charges out of retaliation for complaining. *Id.* at 5. Plaintiff claims he is unable to get enough sleep to be alert, retrieve morning meals, or participate in the day programs, including recreational activities, ducat appointments and job assignments, which has resulted in further deprivations or potential disciplinary actions that will affect his personal liberty and privileges for inadvertently missing said appointments and work assignments. *Id.* As in his original complaint, Plaintiff claims these conditions are in violation of the state and federal constitutional rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. *Id.*

In the screening order, the Court found the complaint, liberally construed, stated a cognizable Eighth Amendment claim based on the deprivation of sleep against Defendant Officer A. Carwithen, whom he alleges was aware of the disruptions but refused to intervene to abate an excessive risk to Plaintiff's health and safety. Dkt. No. 17 at 4-5, citing *Farmer v. Brennan*, 511 U.S. 825, 537 (1994). Plaintiff also alleges that the unnamed "Control Tower Officer" was Defendant Carwithen's "partner" who also failed to intervene. *Id.* at 6. Accordingly, the amended complaint, which contains the same allegations as the original, states a cognizable Eighth Amendment claim against Defendant Carwithen. Plaintiff may move to add an Eighth Amendment claim against the unnamed "Control Tower Officer" if he can discover the officer's identity through discover.

On the other hand, the Court found the complaint failed to state a claim against Warden Atchley because Plaintiff did not allege sufficient facts showing that the Warden was aware of both the unconstitutional conditions and the wrongful conduct of the specific subordinates and failed to act. *Id.* at 6. For the same reason, the Court found Plaintiff's claim against the Director was also deficient. *Id.* Plaintiff attempts to remedy this deficiency by alleging for the first time in the amended complaint that he submitted a "written NOTICE signaturized [*sic*] and dated" to the various individuals, including the Warden and the Director. Dkt. No. 17 at 9. However, Plaintiff fails to explain what information this "Notice" contained or allege that the Defendants actually read the notice

3

such that it could be inferred they were aware of the alleged unconstitutional conditions and wrongful conduct of subordinates and failed to act.  Plaintiff was already afforded one opportunity to amend this claim against Defendants Warden and Director, and the Court finds no good cause to grant him another opportunity where the deficiencies from the previous complaint remain the same.  *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  Accordingly, the claims against Defendants Atchley and the Director must be dismissed for failure to state a claim.

Plaintiff was also advised that his retaliation claim under the First Amendment was deficient because he failed to connect the claim with any named defendant.  Dkt. No. 10 at 7.  Because the amended complaint is identical to the original with respect to the retaliation allegations, Plaintiff has failed to correct this deficiency.  Having already been afforded one opportunity to amend this claim, the Court finds no good cause to grant him another opportunity where the deficiencies remain the same.  *Wagh*, 363 F.3d at 830.  Accordingly, the retaliation claim must be dismissed for failure to state a claim.

Furthermore, the Court also found the complaint contained insufficient allegations to implicate any of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments.  Dkt. No. 10 at 7-8.  Plaintiff has also failed to remedy these deficiencies in the amended complaint.  Accordingly, these claims must be dismissed for failure to state a claim.

Lastly, Plaintiff again claims that his rights under the equivalent state constitutional amendments were violated.  Dkt. No. 17 at 10.  The Court advised Plaintiff that while the Court may exercise supplemental jurisdiction over related state law claims, *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), he failed to state sufficient factual allegations showing that any named Defendant violated the cited amendments.  Dkt. No. 10 at 8-9.  Plaintiff has also failed to correct the deficiencies with respect to his state law claims in the amended complaint.  Accordingly, his state law claims must be dismissed for failure to

4

state a claim.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The Eighth Amendment claims against Defendants Atchley and the CDCR Director, the retaliation claim, claims under the Fourth, Fifth, and Fourteenth Amendments, and state law claims are **DISMISSED with prejudice** for failure to state a claim.

This action shall proceed on the only cognizable claim in the amended complaint under the Eighth Amendment against Defendant A. Carwithen. *See supra* at 3. Plaintiff may seek the identify of the "Control Tower Officer," who is Defendant Carwithen's partner, through discovery and then move to amend to add that individual to this action.

**The Clerk shall terminate all other Defendants from this action.**

2. The following defendant(s) shall be served:

    a. **Correctional Officer A. Carwithen, SVSP**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, and any attachments thereto, Dkt. No. 17 (amended complaint), a copy of the court's "Order of Dismissal with Leave to Amend," Dkt. No. 10, this order of service, a CDCR Report of E-Service Waiver form and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR

Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment

must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated:  __December 1, 2021___

BETH LABSON FREEMAN
United States District Judge

Order of Partial Dismissal and Service
PRO-SE\BLF\CR.21\01325Saddozai_svc.FAC