UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. CARWITHEN, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-01352 BLF (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; GRANTING FINAL EXTENSION OF TIME TO FILE OPPOSITION**<br><br>(Docket No. 42) |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at Salinas Valley State Prison ("SVSP"), where he is currently confined, and the Director of the California Department of Corrections and Rehabilitation ("CDCR"). Dkt. No. 1. After the Court dismissed the complaint with leave to amend, Dkt. No. 10, Plaintiff filed an amended complaint. Dkt. No. 17. The Court found the amended complaint stated a cognizable Eighth Amendment claim against Defendant A. Carwithen for the deprivation of sleep, and dismissed all other claims and defendants from this action. Dkt. No. 20.

On February 3, 2022, Defendant filed a motion to revoke Plaintiff's *in forma pauperis* status under 28 U.S.C. § 1915(g). Dkt. No. 25. On March 24, 2022, the Court granted Plaintiff an opportunity to file a new opposition, and the briefing schedule was

reset. Dkt. No. 41.

On March 25, 2022, Plaintiff filed an "affidavit… in support of civil complaint and motion for appointment of counsel." Dkt. No. 42. In this document, Plaintiff makes various allegations against law library staff for interfering with his access to legal resources and "negatively impact[ing]" his "legal litigation activities." *Id.* at 3. The Court notes that none of the named law library staff are parties to this action, and the various claims against them are beyond the purview of this action which involves an Eighth Amendment claim against a correctional officer. Accordingly, Plaintiff's attempt to add unrelated defendants and claims to this matter shall not be entertained.

With respect to his motion for appointment of counsel, Plaintiff has already been advised that there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Here, Plaintiff fails to explain how the alleged actions by law library staff are interfering with his ability to file an opposition to Defendant's motion to revoke his IFP status, which is the only briefing due from him at this time. Furthermore, Plaintiff's ability to file the instant motion indicates that he is still able to actively litigate this matter. Accordingly, the motion is **DENIED** for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In the interest of justice, Plaintiff shall be granted one final extension of time to file a new opposition to Defendant's motion to revoke IFP status. He may file a new

opposition **within twenty-eight (28) days** from the date this order is filed, along with supporting documents. If Plaintiff fails to file a new opposition in the time provided, the matter will proceed on the original opposition and papers he filed on March 14, 2022. Dkt. Nos. 35-38.

Defendant's reply shall be filed **no later than fourteen (14) days** from the date Plaintiff's new opposition is filed or is due, whichever is later.

This order terminates Docket No. 42.

**IT IS SO ORDERED.**

Dated:  __**May 18, 2022**_____

BETH LABSON FREEMAN
United States District Judge

Order Denying Mot. for Appt. of Counsel; Granting EOT to file Opp.
PRO-SE\BLF\CR.21\01325Saddozai_atty&eot-opp