UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A. CARWITHEN, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-01352 BLF (PR)<br><br>**ORDER DENYING MOTION FOR DISQUALIFICATION OR RECUSAL**<br><br>(Docket No. 53) |

　　　　Plaintiff, a California state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, based on events that took place at Salinas Valley State Prison ("SVSP") where he is currently confined. Dkt. No. 1. On August 16, 2022, the Court granted Defendants' motion to revoke Plaintiff's *in forma pauperis* ("IFP") status; Plaintiff was directed to pay the full filing fee. Dkt. No. 49. When he failed to do so in the time provided, the Court dismissed the matter on September 13, 2022, for failure to pay the filing fee. Dkt. No. 51. Judgment was entered the same day. Dkt. No. 52.

　　　　Plaintiff has filed a "motion for order to disqualify district court judge pursuant [to] Title 28 U.S.C. §§ 144 and 455," which the Court construes as a motion for recusal. Dkt. No. 53. Plaintiff asserts that the Undersigned has a "personal bias and prejudice" against him and "is in favor of the adverse party, such so that plaintiff cannot, and believes that

plaintiff cannot have a fair and impartial trial and hearing before this judge." *Id.* at 2. In an affidavit, Plaintiff alleges that the Undersigned has "indicated a personal bias and prejudice against [him] out of invidious retaliatory and discriminatory animus arising from [his] poverty; imprisonment; and race because [he is] a distinct class made obvious by [his] name, supported by [the Undersigned] making improper remarks and insensitive comments about [him] in response to [his] civil complaint(s), also showing an impartiality in judgment." Dkt. No. 53-1 at 2. Plaintiff claims that the Undersigned "deliberately and repeatedly" denied his requests for appointment of counsel and forced him to amend his complaint multiple times "as punitive retaliatory tactics due to conflict of interest to impair, impeded, frustrate and make [him] default on [his] civil actions." *Id.* at 3-4.

Motions to recuse a district court judge fall under two statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455. The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012); *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Sections 144 and 455 ask whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. *Clemens v. United States Dist. Ct. for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005). The reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person. *Id.*

As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case. *See United States v. Zagari*, 419 F. Supp. 494, 501 (N.D. Cal. 1976). Here, Plaintiff's assertions regarding personal bias and prejudice are simply conclusory. The Court does not have nor has ever expressed any "discriminatory animus" against Plaintiff based on his poverty, imprisonment, or race, and no improper remarks have ever been made showing lack of impartiality. The decisions by this Court to deny appointment of counsel and requiring

Plaintiff to amend his complaints were all supported by correct legal authority and proper analysis, as was the decision to revoke Plaintiff's IFP status. *See, e.g.,* Dkt. Nos. 10, 20, 43, 49. Accordingly, Plaintiff's conclusory assertions are not sufficient to overcome the presumption that this Court has been fair and impartial in this action. Plaintiff may appeal the decision to the Ninth Circuit, but otherwise has no basis for moving to recuse the Court from this matter. The motion for disqualification is **DENIED**. Dkt. No. 53.

This order terminates Docket No. 53.

**IT IS SO ORDERED.**

Dated: __September 21, 2022_____

BETH LABSON FREEMAN
United States District Judge

Order Denying Motion for Disqualification and Recusal
PRO-SE\EJD\CR.18\05558Saddozai_deny.recusal

3